Although I concur in the result reached by the main opinion, I disagree with the reasoning contained in several sections of that opinion. While the main opinion correctly states that the trial court should have applied the "clear and convincing evidence" standard, it appears to confuse this evidentiary standard with the standard we are to apply on review. In addition, that opinion mischaracterizes the reasoning in Ex parte Trinity Industries,Inc., 680 So.2d 262 (Ala. 1996), further blurring the line between the plaintiff's burden of proof at trial and our standard of review.
Regarding the plaintiff's burden of proof, § 25-5-81(c) specifies two different standards to be applied, depending on the nature of the worker's injury. Section 25-5-81(c) reads, in part:
 "Evidence — The decision of the court shall be based on a preponderance of the evidence as contained in the record of the hearing, except in cases involving injuries which have resulted from gradual deterioration or cumulative physical stress disorders, which shall be deemed compensable only upon a finding of clear and convincing proof that those injuries arose out of and in the course of the employee's employment."
(Emphasis added.)
In contrast, § 25-5-81(e) sets out the standards by which appellate courts shall review a trial court's findings of fact and rulings of law. Mirroring other common schemes of appellate review, that section reads:
 "Review — From an order or judgment, any aggrieved party may, within 42 days thereafter, appeal to the Court of Civil Appeals and review shall be as in cases reviewed as follows:
 "(1) In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.
 "(2) In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence."
(Emphasis added.) A clear reading of this section requires an appellate court to give deference to the trial court's findings of fact, while reviewing the trial court's legal determinations "without a presumption of correctness." In a workers' compensation action, appellate review of legal issues is de novo, *Page 268 
while review of factual determinations is under the "substantial evidence" rule. I respectfully disagree with those sections of the main opinion that indicate otherwise.
SHORES and COOK. JJ., concur.